**In re Patricia J. HAMILTON, Debtor.**

**No. 9:01–BK–01735–ALP.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

June 2, 2006.

Patricia Pettit, Edward R. Miller, Naples, FL, for Debtor.

*ORDER DISCHARGING ORDER TO SHOW CAUSE AND ORDER ON CREDITOR RONALD A. SBROCCO AND ANGELA M. SBROCCO'S SECOND MOTION FOR CLARIFICATION OR ORDERS REGARDING AMOUNT OF SECURED CLAIM AND TO DETERMINE WHETHER THE DISCHARGE INJUNCTION HAS BEEN OR WILL BE VIOLATED BY ENFORCEMENT ACTIONS*

(Doc. Nos. 69 and 70)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTERS under consideration in this Chapter 13 case of Patricia J. Hamilton (Debtor) are two Motions. One is filed by the Debtor and is entitled Motion for Rule to Show Cause as to Violation of Discharge Injunction (Doc. No. 68). The second is filed by Ronald A. Sbrocco and Angela M. Sbrocco (the Sbroccos) and is entitled Second Motion for Clarification of Orders Regarding the Amount of Secured Claim and to Determine Whether a Discharge Injunction Has Been or Will be Violated by Enforcement Action (Doc. No. 69).

In order to properly identify and deal with the precise issues raised by both Motions, a brief recap of the procedural history of this closed Chapter 13 case should be helpful. On February 5, 2001, the Debtor filed her Petition for Relief under Chapter 13 of the Bankruptcy Code. Her Petition was accompanied by the Chapter 13 Plan in which she proposed, *inter alia*, that the secured claim of the Sbroccos' secured by the Debtor's homestead in the approximate amount of $6,062.00, representing the amount of prepetition arrearages accrued up to the date of filing and which will be paid through the Plan. The Debtor's Plan further provided that the current pay-

ments in the approximate amount of $443.00 per month would be paid outside of the Plan and the Sbroccos would retain their lien securing the balance of the mortgage loan encumbering the Debtor's homestead.

On March 7, 2001, the Sbroccos filed a secured Proof of Claim, Claim No. 3, in the amount of $65,710.32 representing the claimed arrearages which became due as of the date of the commencement of the case. According to the document attached to the Proof of Claim, the amount claimed as arrearages included late charges, court costs, attorney fees, and other miscellaneous expenses, plus an item described as "unpaid balance on the mortgage and the note" in the amount of $58,880.44.

On June 1, 2001, the Sbroccos filed an Amended Proof of Claim, Claim No. 10. Claim No. 10 was filed in the amount of $67,210.32, again describing it as the amount representing the prepetition arrearages. On August 6, 2001, the Debtor filed an Objection to Claim No. 10 (Doc. No. 22). It should be noted that the Debtor never filed an Objection to Claim No. 3, although it appears that Claim No. 10 replaces Claim No. 3. On October 22, 2001, the Court sustained the Debtor's Objection to Claim No. 10 and disallowed the claim without prejudice, with leave granted to file a proof of claim within fifteen (15) days (Doc. No. 30). On October 29, 2001, the Sbroccos filed an Amended Proof of Claim, Claim No. 13, in the amount of $8,329.88. On November 21, 2001, the Debtor filed an Objection to the Proof of Claim (Doc. No. 31). On March 14, 2002, this Court sustained the Debtor's Objection to Claim No. 13 and for the first time indicated that this Claim was alleged as a secured claim based on "postpetition arrearages in the final sum of $8,329.88" (Doc. No. 37). However, the Order failed to indicate

whether or not this claim also included the prepetition arrearages.

On September 5, 2002, this Court entered an Order and confirmed the Chapter 13 Plan which was never amended and which dealt only with prepetition arrearages and never contemplated to pay any postpetition arrearages. On the contrary, the Order of Confirmation expressly provided that all postpetition payments per contract will be paid directly to the secured creditor and the secured creditor would not receive any distribution under the Plan. On November 18, 2002, this Court entered an Order Allowing and Disallowing Claims and Ordering Disbursements (Doc. No. 43). According to the schedules submitted by the Chapter 13 Trustee, Exhibit A, the Trustee intended to pay Ronald and Angela Sbrocco the sum of $8,329.88 in full, which is the amount allowed as stated in Claim No. 13, although it purported to represent postpetition arrearages, notwithstanding that, the Confirmed Plan never intended to deal with postpetition arrearages.

On December 17, 2004, this Court granted the Debtor her discharge pursuant to Section 1328 of the Code, based on the report by the Trustee that the Plan had been fully consummated. On February 18, 2005, the Chapter 13 Trustee issued his Final Report and Account (Doc. No. 54) and on March 22, 2005, this Court entered a Final Decree (Doc. No. 55) and closed the case.

It is clear from the record that the allowed claim of the Sbroccos, Claim No. 13, has been paid in full. This record is devoid of any evidence which indicates that the current attempts by the Sbroccos to enforce their mortgage lien against the Debtor's homestead is based on any default by the Debtor in making her postpetition contractual payments. It appears that Mr. Louis D'Agostino (Mr. D'Agosti-no), who was representing the Sbroccos, contacted Mr. Edward Miller (Mr. Miller), counsel of record for the Debtor until her Chapter 13 case was closed. Mr. D'Agostino had inquired as to whether Mr. Miller was still representing the Debtor post confirmation and whether or not the Debtor is willing and able to clear all postpetition defaults. Mr. Miller advised Mr. D'Agostino that neither he nor his firm was representing the Debtor any longer and advised Mr. D'Agostino that he should contact the Debtor directly. Mr. D'Agostino mailed a Notice of Default to the Debtor pursuant to the advice of Mr. Miller. Mr. D'Agostino sent a demand letter to the Debtor informing her of the default under the mortgage and demanded the Debtor cure the defaults. Subsequent to sending the demand letter, Mr. Miller contacted Mr. D'Agostino and informed him that he is now representing the Debtor and "that the entry of the confirmation order and the Order had reduced the principal balance of the Mortgage to $8,329.88 as a result of the recent filing of proof of claim by the Sbroccos; and that any subsequent attempt to enforce the Mortgage would constitute a violation of Section 1328 of the Bankruptcy Code." Apparently not having received any response from Mr. D'Agostino, Mr. Miller filed his Motion in which he sought an issuance of an Order to Show Cause ordering Mr. D'Agostino and the Sbroccos to appear before this Court to show cause, if they have any, why they should not be held in civil contempt for violation of the Discharge Injunction. This in turn prompted counsel for the Sbroccos to file Creditor Ronald A. Sbrocco and Angela M. Sbrocco's Second Motion for Clarification of Orders Regarding Amount of Secured Claim and to Determine Whether the Discharge Injunction Has Been or Will be Violated by Enforcement Actions (Doc. No. 69). It is evident from the foregoing, that before this record

is clarified it is impossible to consider the merits of the Debtor which claimed that the Sbroccos should be held in civil contempt for violating the discharge injunction.

Although the record of this Chapter 13 case represents somewhat of a comedy of errors, in the last analysis it is clear that the prepetition default of the Debtor in the amount of $8,329.88 has been paid in full pursuant to the terms of the Confirmed Plan. Accordingly, any attempt by the Sbroccos to assert a claim for any additional prepetition arrearages is barred by the Order of Confirmation and would be a violation of the discharge injunction. To the extent of the current collection attempts by the Sbroccos involve a postpetition default under the Mortgage, which was not dealt with the Chapter 13 Plan and is unaffected by the Order of Confirmation, and therefore, it is not protected by the Discharge granted by Section 1328 of the Code to the Debtor. Concerning the Debtor's Motion for Rule to Show Cause as to Violation of the Discharge Injunction (Doc. No. 68), this Court is satisfied that based on this record that the actions of the Sbroccos were not willful and, therefore, the Motion should be denied and the Motion to Show Cause should be discharged.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Creditor Ronald A. Sbrocco and Angela M. Sbrocco's Second Motion for Clarification of Orders Regarding Amount of Secured Claim and to Determine Whether the Discharge Injunction Has Been or Will be Violated by Enforcement Actions be, and the same is, hereby granted. Further, the Plan which was confirmed by this Court provided for curing under the Plan the prepetition arrearages and a payment direct to the Sbroccos of the contractual accruing charges postpetition; that notwithstanding the Order entered on March 14, 2002, which allowed Claim No. 13 in the sum of $8,329.88, which stated that it was postpetition arrearages, the amount was clearly prepetition arrearages. It is further

ORDERED, ADJUDGED AND DECREED that the Order to Show Cause entered on March 21, 2006 (Doc. No. 70) be, and the same is hereby, discharged.